IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNIE LOIS GRANT; QUENTIN T. HOWELL; ELROY TOLBERT; THERON BROWN; TRIANA ARNOLD JAMES; EUNICE SYKES; ELBERT SOLOMON; and DEXTER WIMBISH,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; ANH LE, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and MATTHEW MASHBURN, in his official capacity as a member of the State Election Board,<br><br>　　　　Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-00122-SCJ |

## PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This Court has considered Plaintiffs' motion for preliminary injunction and supporting authorities, the submissions of the other parties, and the evidence and pleadings of record, and finds that (1) Plaintiffs are likely to succeed on the merits

of their claims that the Georgia Senate Redistricting Act of 2021 ("SB 1EX") and the Georgia House of Representatives Redistricting Act of 2021 ("HB 1EX") violate Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301; (2) Plaintiffs will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to Plaintiffs outweighs possible harm that the injunction may cause the opposing parties; and (4) the injunction is in the public interest. *See Friedenberg v. Sch. Bd.*, 911 F.3d 1084, 1090 (11th Cir. 2018).

Specifically, as to the merits of Plaintiffs' Section 2 claims, the Court finds that:

a.  additional, reasonably compact districts can be drawn—namely, two additional majority-Black State Senate districts in the southern Atlanta metropolitan area, one additional majority-Black State Senate district in the central Georgia Black Belt region, two additional majority-Black House districts in the southern Atlanta metropolitan area, one additional majority-Black House district in the western Atlanta metropolitan area, and two additional majority-Black House districts in the Black Belt, anchored in Bibb County—in which Black voters would form sufficiently large minority populations to elect candidates of their choice, *see Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986);

  b. Black Georgians throughout the state, including in the Atlanta metropolitan area and the Black Belt, are politically cohesive, *see id.*;

  c. White Georgians throughout the state, including in the Atlanta metropolitan area and the Black Belt, engage in bloc voting that enables them to defeat Black-preferred candidates, *see id.*; and

  d. under the totality of circumstances—including Georgia's ongoing history of official, voting-related discrimination; the state's racially polarized voting; voting practices that enhance the opportunity for discrimination in the state; severe socioeconomic disparities that impair Black Georgians' participation in the political process; the prevalence of racial appeals in the state's political campaigns; the underrepresentation of Black officeholders in the state; Georgia's nonresponsiveness to its Black residents; and the absence of legitimate justifications for the legislative maps drawn by SB 1EX and HB 1EX—the state's "political processes leading to nomination or election . . . are not equally open to participation" by Georgia's Black community. 52 U.S.C. § 10301(b); *see also Gingles*, 478 U.S. at 43–44.

  Because Plaintiffs have clearly established their burden of persuasion as to each of the four elements required for a preliminary injunction, Plaintiffs' motion is therefore **GRANTED**.

**IT IS SO ORDERED:**

Defendants, as well as their agents and successors in office, are **PRELIMINARILY ENJOINED** from enforcing or giving any effect to the boundaries of the State Senate districts as drawn in SB 1EX and the House districts as drawn in HB 1EX, including conducting any further legislative elections under the enacted maps.

**SO ORDERED** this _____ day of _____, 2022.

_____

Judge Steve C. Jones
United States District Court