## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANNIE LOIS GRANT; QUENTIN T. HOWELL; ELROY TOLBERT; THERON BROWN; TRIANA ARNOLD JAMES; EUNICE SYKES; ELBERT SOLOMON; and DEXTER WIMBISH, <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State; SARA TINDALL GHAZAL, in her official capacity as a member of the State Election Board; JANICE JOHNSTON, in her official capacity as a member of the State Election Board; EDWARD LINDSEY, in his official capacity as a member of the State Election Board; and MATTHEW MASHBURN, in his official capacity as a member of the State Election Board, <br><br> Defendants.[*] | CIVIL ACTION FILE NO. 1:22-CV-00122-SCJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), the parties have automatically substituted Janice Johnston, in her official capacity, for Anh Le, in her official capacity, based on recent changes to the composition of the State Election Board.

**1.     Description of Case:**

**(a)    Describe briefly the nature of this action.**

This is a joint preliminary report and discovery plan submitted by the parties in three separate redistricting lawsuits brought under Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 (the "VRA"). The lawsuits include the following parties and claims:

1.     *Alpha Phi Alpha Fraternity, Inc. et al. v. Raffensperger*, No. 1:21-cv-05337-SCJ.

    a.    Plaintiffs: Alpha Phi Alpha Fraternity, Inc, Sixth District of the African Methodist Episcopal Church, Eric T. Woods, Katie Bailey Glenn, Phil Brown, Janice Stewart.

    b.    Defendant: Brad Raffensperger, in his official capacity as the Georgia Secretary of State.

    c.    Claims: Plaintiffs contend that the Georgia General Assembly's enacted redistricting plans for the Georgia State Senate ("SB 1EX") and the Georgia House of Representatives ("HB 1EX") unlawfully dilute Black voting strength in violation of Section 2 of the VRA. Defendant denies that SB 1EX and HB 1EX dilute

Black voting strength and denies that SB 1EX and HB 1EX violate any provision of the law.

2.     *Pendergrass et al. v. Raffensperger et al.*, No. 1:21-cv-05339-SCJ.

     a.     Plaintiffs: Coakley Pendergrass, Triana Arnold James, Elliott Hennington, Robert Richards, Jens Rueckert, and Ojuan Glaze.

     b.     Defendants: Brad Raffensperger in his official capacity as the Georgia Secretary of State; Sara Tindall Ghazal, in her official capacity as a member of the State Election Board; Janice Johnston, in her official capacity as a member of the State Election Board; Edward Lindsey, in his official capacity as a member of the State Election Board; and Matthew Mashburn, in his official capacity as a member of the State Election Board.

     c.     Claim: Plaintiffs contend that the Georgia General Assembly's enacted redistricting plan for Georgia's congressional districts ("SB 2EX") unlawfully dilutes Black voting strength in violation of Section 2 of the VRA. Defendants deny that SB 2EX dilutes Black voting strength and deny that SB 2EX violates any provision of the law.

3.     *Grant et al. v. Raffensperger et al.*, No. 1:22-cv-00122-SCJ.

a.  Plaintiffs: Annie Lois Grant, Quentin T. Howell, Elroy Tolbert, Theron Brown, Triana Arnold James, Eunice Sykes, Elbert Solomon, and Dexter Wimbish.

b.  Defendants: Brad Raffensperger in his official capacity as the Georgia Secretary of State; Sara Tindall Ghazal, in her official capacity as a member of the State Election Board; Janice Johnston, in her official capacity as a member of the State Election Board; Edward Lindsey, in his official capacity as a member of the State Election Board; and Matthew Mashburn, in his official capacity as a member of the State Election Board.

c.  Claims: Plaintiffs contend that SB 1EX and HB 1EX unlawfully dilute Black voting strength in violation of Section 2 of the VRA. Defendants deny that SB 1EX and HB 1EX dilute Black voting strength and deny that SB 1EX and HB 1EX violate any provision of the law.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiffs' Statement of Facts</u>:

Since 2000, Georgia's Black population has increased by over 1.1 million people, now representing one-third of the state's total population. In metro Atlanta

in particular, the Black population has increased by over 900,000 people in the last 20 years, while the Black population in the state's historic Black Belt has also grown relative to the white population and become increasingly concentrated. However, despite these striking demographic changes, the numbers of majority-Black congressional, State Senate, and House districts have barely changed. There have been no majority-Black State Senate districts and just two majority-Black House districts added since the prior redistricting plans, while the new congressional plan similarly fails to reflect the growth in Georgia's Black community. There is also a substantial gap between the number of Black Georgians living in majority-Black districts and the number of white Georgians living in majority-white districts—a further indicator that the number of majority-Black districts is disproportionately low and that Black voting strength is being unlawfully diluted.

The new congressional, State Senate, and House plans enacted by the General Assembly last year constitute textbook violations of the VRA. The method of vote dilution is a familiar one: Black voters have been packed into some districts and cracked among other rural-reaching, predominantly white districts. This phenomenon is clearly illustrated in the state's new congressional map, where Black voters in the western Atlanta metro area have been packed in the supermajority-Black Thirteenth Congressional District and cracked into other districts that stretch

into the western and northern reaches of the state. The enacted State Senate and House plans similarly negate the growth of Black communities in the Atlanta metro and Black Belt regions by unnecessarily packing Black Georgians together in some communities and breaking up areas with large, cohesive Black populations in others. In these areas, the Black population is sufficiently large and geographically compact such that the General Assembly could have drawn, consistent with traditional redistricting principles, at least one additional majority-Black congressional district, at least three additional majority-Black State Senate districts, and at least four majority-Black House districts—but did not do so.

Voting is also highly racially polarized in these areas and statewide, and Black and white voters are politically cohesive. In both statewide and localized contests, the white majority usually votes as a bloc to defeat the candidates preferred by Black voters unless districts are drawn to provide Black voters with opportunities to elect candidates of their choice. Consequently, Black-preferred candidates typically lose to white preferred candidates except in majority-Black congressional and legislative districts.

In light of Georgia's legacy of racial discrimination against its Black population, the subordination of their political power, and the ongoing, cumulative effects of that legacy, the state's maps will prevent Black Georgians from

participating equally in the political process. Therefore, SB 2 EX, SB 1EX, and HB 1EX dilute the political strength of Black voters in violation of Section 2 of the VRA.

Defendants' Statement of Facts:

Before and after receiving the COVID-delayed 2020 Census data, the General Assembly engaged in an extensive process to obtain input from voters and legislators about the communities and jurisdictions throughout Georgia to inform the map-drawing process. After receiving that input, meeting with members of both parties, and adopting guidelines, the chairs of each committee released draft plans for Congress, Senate, and House, that were later modified before final passage after further input. In creating those plans, the General Assembly carefully balanced traditional redistricting principles and created plans that fairly represent the people of Georgia—of all races.

Black voters were not improperly packed into districts and Plaintiffs can only demonstrate additional majority-Black districts that the General Assembly did not draw by subjugating traditional redistricting principles to race as the primary consideration. Further, voting in Georgia is polarized on a partisan basis, not a racial one, and Plaintiffs are unable to establish that the Georgia election system is not equally open to voters of all races. Plaintiffs will be unable to demonstrate any illegal vote dilution and cannot support racially gerrymandered maps as remedies.

**(c)   The legal issues to be tried are as follows:**

1.   Whether the failure to create an additional majority-Black congressional district in the western Atlanta metro area in which Black voters have the opportunity to elect candidates of their choice violates Section 2 of the VRA.

2.   Whether the failure to create additional majority-Black State Senate districts in the Atlanta metro area and Black Belt in which Black voters have the opportunity to elect candidates of their choice violates Section 2 of the VRA.

3.   Whether the failure to create additional majority-Black House districts in the Atlanta metro area and Black Belt in which Black voters have the opportunity to elect candidates of their choice violates Section 2 of the VRA.

4.   The nature and extent of appropriate remedial relief should the Court conclude the Plaintiffs have established liability on any or all of their Section 2 claims.

5.   Plaintiffs' standing to bring these cases.

**(d)   The cases listed below (include both style and action number) are:**

　　**(1)   Pending Related Cases:**

    1.   *Georgia State Conference of the NAACP v. Georgia*, 1:21-cv-05338-ELB-SCJ-SDG.

    2.   *Common Cause v. Raffensperger*, 1:22-cv-00090-ELB-SCJ-SDG.

**(2)  Previously Adjudicated Related Cases:**

None.

**2.**  **This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_  (1)  Unusually large number of parties

\_\_\_\_\_  (2)  Unusually large number of claims or defenses

\_\_\_\_\_  (3)  Factual issues are exceptionally complex

\_\_\_\_\_  (4)  Greater than normal volume of evidence

\_\_\_\_\_  (5)  Extended discovery period is needed

\_\_\_\_\_  (6)  Problems locating or preserving evidence

\_\_\_\_\_  (7)  Pending parallel investigations or action by government

\_\_X\_\_  (8)  Multiple use of experts

\_\_\_\_\_  (9)   Need for discovery outside United States boundaries

\_\_\_\_\_  (10) Existence of highly technical issues and proof

\_\_\_\_\_  (11) Unusually complex discovery of electronically stored information

**3.**  **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Alpha Phi Alpha Plaintiffs:** Sophia Lin Lakin, Sean Young, Debo Adegbile

**Grant Plaintiffs:** Abha Khanna, Kevin Hamilton, Joyce Gist Lewis

**Pendergrass Plaintiffs:** Abha Khanna, Kevin Hamilton, Joyce Gist Lewis

**Defendants:** Bryan P. Tyson, Bryan Jacoutot, and Loree Anne Paradise

**4.** **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

_X__Yes          ____No

**Plaintiffs** have no questions regarding this Court's jurisdiction.

**Defendants**' questions regarding this Court's jurisdiction are explained in their motions to dismiss.

**5.** **Parties to This Action:**

**(a)** **The following persons are necessary parties who have not been joined:**

> None.

**(b)** **The following persons are improperly joined as parties:**

> None.

**(c)** **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

> None.

**(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name**.

**6.** **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Pursuant to the Court's scheduling order, the Grant Plaintiffs anticipate filing an amended complaint adding additional plaintiffs to that action on or before March 30, 2022.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)   *Motions to Compel*:** before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)   *Summary Judgment Motions:*** within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)   *Other Limited Motions*:** Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)   *Motions Objecting to Expert Testimony:*** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.   If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.   NOTE: Your initial disclosures should include electronically stored information.   Refer to Fed. R. Civ. P. 26(a)(1)(B).**

No parties object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?   If so, please state the issues which could be addressed and the position of each party.**

Yes. All parties believe it would benefit the Court and the parties to discuss the proposed discovery and related timeline in the table below at a scheduling conference.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

Plaintiffs anticipate that the discovery schedule will begin on May 13, 2022, according to the scheduling order issued by the Court (*Alpha Phi Alpha*, Dkt. No. 133; *Pendergrass*, Dkt. No. 96; *Grant*, Dkt. No. 90).

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to**

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

1.    The effects of SB 2EX, SB 1EX, and HB 1EX on Black populations across Georgia;

2.    Statewide maps and demographic information;

3.    Election histories and candidates for Georgia State Senate and Georgia House seats;

4.    Racially polarized voting;

5.    Political polarization;

6.    The history of racial discrimination in voting in Georgia;

7.    The extent to which minority group members bear the effects of discrimination in areas such as education, employment, and health, which hinder their ability to participate in the political process;

8.    The use of racial appeals in political campaigns;

9.    The extent to which Georgia has used voting practices that tend to enhance the opportunity for discrimination against minorities; and

10.   The extent to which minorities have been elected to public office.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery**

**should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The Court issued a scheduling order in the *Alpha Phi Alpha*, *Pendergrass*, and *Grant* cases on February 28, 2022, which contemplates a nine-month discovery schedule. *See Alpha Phi Alpha*, Dkt. No. 133; *Pendergrass*, Dkt. No. 96; *Grant*, Dkt. No. 90.

Plaintiffs propose slightly modified dates for discovery in the table below, which describes a seven-month discovery schedule and proposed findings of fact and conclusions of law due after any decision of the U.S. Supreme Court in *Milligan v. Merrill*. Plaintiffs believe that a shorter discovery period is warranted because much of the evidence in these cases has already been developed as part of the Plaintiffs' preliminary injunction motions. In addition, Plaintiffs believe that the proposed schedule ensures sufficient time to resolve this case, including the drawing of any remedial plans and any stay briefing, before the 2024 election calendar begins.

| Event | Court's Scheduled Date | Proposed Date |
|---|---|---|
| Deadline for amendment to complaint | March 30, 2022 | |
| Responses to amended complaint due | April 13, 2022 | |
| Discovery begins | May 13, 2022 | |

| Event | Court's Scheduled Date | Proposed Date |
|---|---|---|
| Deadline for Plaintiffs' and Defendants' expert disclosures (reports) | December 5, 2022 | August 19, 2022 |
| Deadline for rebuttal expert disclosures (reports) | January 23, 2023 | September 30, 2022 |
| Discovery cutoff | February 17, 2023 | December 12, 2022 |
| Deadline to file motions for summary judgment | March 20, 2023 | January 13, 2023 |
| Deadline to file responses to motions for summary judgment | April 19, 2023 | February 10, 2023 |
| Deadline to file replies in support of motions for summary judgment | May 3, 2023 | February 24, 2023 |
| Hearing on motions for summary judgment (if deemed necessary by the Court) | To be set by the Court | |
| Proposed Consolidated Pretrial Order Due (*if applicable*) | Due 30 days after the close of discovery or entry of the Court's rulings on the motions for summary judgment | |
| Deadline to file *Daubert* motions (*if applicable*) | On the last day to submit pretrial order | |
| Deadline to file motions in limine (*if applicable*) | On the last day to submit pretrial order | |
| Deadline to request amendment to the pretrial order to include amended pretrial stipulations, exhibits, witness lists (*if applicable*) | 30 days before trial date | |
| Trial date (*if applicable*) | To be set by the Court | Spring 2023 |

| Event | Court's Scheduled Date | Proposed Date |
|---|---|---|
| Deadline for findings of facts and conclusions of law | N/A | Early July 2023 (following SCOTUS's Alabama ruling) |

Defendants in all three cases support the timeline currently set by the Court, in part because it allows for consideration of any opinions in the *Milligan v. Merrill* appeal at the U.S. Supreme Court regarding Alabama's congressional district plan before trial. Defendants do not believe that trying these cases before the decision in *Milligan v. Merrill* would be an efficient use of resources for the parties or the Court.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b)  Is any party seeking discovery of electronically stored information?**

_____X_____ Yes                    _____ No

**If "yes,"**

**(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties are negotiating the terms of an agreement governing discovery of electronically stored information ("ESI").

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties are negotiating the terms of an agreement governing discovery of electronically stored information ("ESI").

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**13.     Settlement Potential:**

**(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 11, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiffs:**

1.  ***Alpha Phi Alpha* Plaintiffs:** Sophia Lin Lakin, Ari Savitzky, Rahul Garabadu, Anuradha Sivaram, Ericka Aiken

2.  **Grant Plaintiffs:** Abha Khanna, Jonathan Hawley, Adam Sparks

     **3.**    **Pendergrass Plaintiffs:** Abha Khanna, Jonathan Hawley,

Adam Sparks

**For Defendants:** Bryan Tyson, Bryan Jacoutot, Loree Anne Paradise.

**(b)**   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(___X___) No possibility of settlement.

**(c)**   **Counsel (_____) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20_____.**

**(d)**   **The following specific problems have created a hindrance to settlement of this case.**

The parties do not agree on the availability of a remedy or on Defendants'

authority to agree to one.

**14.**   **Trial by Magistrate Judge:**

   **Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

   **(a)**   The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of  20___.

   **(b)**   The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 28th day of March, 2022.

By: **Adam M. Sparks**
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW, Suite 3250
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: KHamilton@perkinscoie.com

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: AKhanna@elias.law
Email: JHawley@elias.law

Daniel C. Osher*
Christina A. Ford*
Graham W. White*
Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: DOsher@elias.law
Email: CFord@elias.law
Email: GWhite@elias.law
Email: MJones@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

**IT IS SO ORDERED**, this _____ day of _____, 2022.

_____

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated:  March 28, 2022                                    **<u>Adam M. Sparks</u>**
                                                                        *Counsel for Plaintiffs*