# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANNIE LOIS GRANT, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> BRAD RAFFENSPERGER, et al., <br><br> *Defendants*. | CIVIL ACTION <br><br> FILE NO. 1:22-CV-00122-SCJ |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Brad Raffensperger, in his official capacity as Secretary of the State of Georgia; and Sara Tindall Ghazal, Janice Johnston, Edward Lindsey, and Matthew Mashburn, in their official capacities as members of the State Election Board (collectively, the "Defendants"), answer Plaintiffs' Amended Complaint [Doc. 96] (the "Amended Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

1

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack constitutional standing to bring this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack statutory standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendants are barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no provide right of action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they should be heard by a three-judge panel.

## NINTH AFFIRMATIVE EFENSE

Defendants deny that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery.

Defendants answer the specific numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. Paragraph 1 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

2. Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

6. Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Paragraph 7 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied and Defendants further deny that Plaintiffs are entitled to any relief.

8. Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. Defendants deny the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations set forth in Paragraph 10 of the Amended Complaint.

11. The allegations in Paragraph 11 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

12. The allegations in Paragraph 12 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

13. The allegations in Paragraph 13 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

14. The allegations in Paragraph 14 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

15. The allegations in Paragraph 15 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

16. The allegations in Paragraph 16 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

17. The allegations in Paragraph 17 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

18. The allegations in Paragraph 18 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

19. The allegations in Paragraph 19 of the Amended Complaint are outside the Defendants' knowledge and are therefore denied on that basis.

20. The allegations in Paragraph 20 of the Amended Complaint are outside the Defendants' knowledge and are therefore denied on that basis.

21. The allegations in Paragraph 21 of the Amended Complaint are outside the Defendants' knowledge and are therefore denied on that basis.

22. The allegations in Paragraph 22 of the Amended Complaint are outside the Defendants' knowledge and are therefore denied on that basis.

23. Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia and that the Secretary of State is designated by statute as

the chief election official. Defendants further admit that the Secretary has responsibilities under law related to elections. Defendants deny the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants admit that Sara Tindall Ghazal is a member of the State Election Board and is named in her official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendants admit that Janice Johnston is a member of the State Election Board and is named in her official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendants admit that Edward Lindsey is a member of the State Election Board and is named in his official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in

statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants admit that Matthew Mashburn is a member of the State Election Board and is named in his official capacity. Defendants further admit that the duties of members of the State Election Board are set forth in statute and refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. Paragraph 28 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

29. Paragraph 29 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

30. Paragraph 30 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

31. Paragraph 31 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

32. Paragraph 32 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

33. Paragraph 33 of the Amended Complaint and its subparagraphs set forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

34. Paragraph 34 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. The remaining allegations in this Paragraph are denied.

35. Defendants admit the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendants admit that, as a percentage of the electorate, the white percentage has decreased and the percentage of voters of color has increased over the last ten years. The remaining allegations in Paragraph 36 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

37. Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendants admit the allegations set forth in Paragraph 38 of the Amended Complaint.

39. Defendants admit the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Defendants admit the allegations set forth in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42. Defendants admit that Democratic members of the General Assembly opposed the as-passed redistricting plans and made public comments indicating that opposition. Defendants deny the remaining allegations set forth in Paragraph 42 of the Amended Complaint.

43. Defendants admit that Democratic members of the General Assembly opposed the as-passed redistricting plans and made public comments indicating that opposition. Defendants deny the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Paragraph 52 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same. Defendants admit that Black and white voters in Georgia vote in blocs and prefer different candidates. The remaining allegations in this Paragraph are denied.

53. Defendants admit that Black and white voters in Georgia vote in blocs and prefer different candidates. Defendants deny the remaining allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendants admit that Black and white voters in Georgia vote in blocs and prefer different candidates. Defendants deny the remaining allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendants admit that Black and white voters in Georgia vote in blocs and prefer different candidates. Defendants deny the remaining allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. Defendants deny the remaining allegations set forth in Paragraph 56 of the Amended Complaint.

57. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 57 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

58. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 58 of the Amended Complaint set forth legal conclusions to which

no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

59. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 59 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

60. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 60 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

61. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 61 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

62. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 62 of the Amended Complaint set forth legal conclusions to which

no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

63. Defendants admit that Democratic representatives in the 1981 redistricting process sought to minimize Black political influence in Georgia The remaining allegations of Paragraph 63 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

64. Defendants admit that plans drawn when Democrats controlled Georgia government were objected to in 1971, 1981, 1991, and 2001 and that redistricting plans drawn when Democrats controlled Georgia government were rejected as unconstitutional in 2004. The remaining allegations of Paragraph 64 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

65. Defendants admit that, prior to 2013, Georgia was a covered jurisdiction under Section 4 of the Voting Rights Act and was required to seek preclearance of election laws prior to enforcement. The remaining allegations in Paragraph 65 set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

66. Defendants admit that, prior to 2013, Georgia was a covered jurisdiction under Section 4 of the Voting Rights Act and was required to seek

preclearance of election laws prior to enforcement. The remaining allegations in Paragraph 66 set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

67. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 67 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

68. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 68 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

69. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 69 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

70. The allegations in Paragraph 70 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

71. The allegations in Paragraph 71 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

72. The allegations in Paragraph 72 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

73. The allegations in Paragraph 73 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

74. The allegations in Paragraph 74 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

75. The allegations in Paragraph 75 of the Amended Complaint are outside Defendants' knowledge an are therefore denied on that basis.

76. The allegations in Paragraph 76 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

77. The allegations in Paragraph 77 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

78. The allegations in Paragraph 78 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

79. The allegations in Paragraph 79 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

80. The allegations in Paragraph 80 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

81. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 81 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

82. Defendants admit that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 82 of the Amended Complaint set forth legal conclusions to which no response is required or are beyond the scope of Defendants' knowledge and, therefore, Defendants deny the same.

83. The allegations in Paragraph 83 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

84. The allegations in Paragraph 84 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

85. The allegations in Paragraph 85 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

86. The allegations in Paragraph 86 of the Amended Complaint are outside Defendants' knowledge and are therefore denied on that basis.

87. Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88. Defendants incorporate their responses to Paragraphs 1 through 87 as if fully set forth herein.

89. Paragraph 89 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendants deny the same.

90. Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92. Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96. Defendants incorporate their responses to Paragraphs 1 through 95 as if fully set forth herein.

97. Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98. Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations set forth in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint.

**Prayer for Relief**

Defendants deny that Plaintiffs are entitled to any relief they seek. Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 13th day of April, 2022.

                          Christopher M. Carr
                          Attorney General
                          Georgia Bar No. 112505

Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Bryan P. Tyson*
Bryan P. Tyson