**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC. et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of Georgia,<br><br>*Defendant*. | CIVIL ACTION FILE<br>1:21-CV-05337-SCJ |
| COAKLEY PENDERGRASS et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, et al.,<br><br>*Defendants*. | CIVIL ACTION FILE<br>1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, et al.,<br><br>*Defendants*. | CIVIL ACTION FILE<br>1:22-CV-00122-SCJ |

## STIPULATION AND ORDER REGARDING DISCOVERY

The undersigned Parties have entered into this Stipulation and Order to govern discovery obligations in this action.[1]

**I.      GENERAL PROVISIONS**

    A.    The Parties, which includes the Plaintiffs and Defendants, as well as their officers, directors, employees, and agents are referred to as the "Parties" solely for purposes of this stipulation.

    B.    "Plaintiff" or "Plaintiffs" as used here shall mean the following:

        1.    The plaintiffs in *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, No. 1:21-CV-5337-SCJ (N.D. Ga.): Alpha Phi Alpha Fraternity Inc., Sixth District of the African Methodist Episcopal Church, Eric T. Woods, Katie Bailey Glenn, Phil Brown, and Janice Stewart (the "*Alpha Phi Alpha* Plaintiffs");

        2.    The plaintiffs in *Pendergrass v. Raffensperger*, No. 1:21-CV-5339-SCJ (N.D. Ga.): Coakley Pendergrass, Triana Arnold James, Elliott Hennington, Robert Richards, Jens Rueckert, and Ojuan Glaze (the "*Pendergrass* Plaintiffs"); and

        3.    The plaintiffs in *Grant v. Raffensperger*, No. 1:22-CV-122-SCJ (N.D. Ga.): Annie Lois Grant, Quentin T. Howell, Elroy Tolbert, Theron Brown, Triana Arnold James, Eunice Sykes, Elbert Solomon, Dexter Wimbish, Garrett Reynolds, Jacqueline Faye Arbuthnot, Jacquelyn Bush, and Mary Nell Conner (the "*Grant* Plaintiffs").

    C.    "Defendant" or "Defendants" as used herein shall mean Brad Raffensperger, in his official capacity as the Georgia Secretary of State; William S. Duffey, Jr., in his official capacity as chair of the State Election Board; Matthew Mashburn, in his official capacity as a member of the State Election Board; Sara Tindall Ghazal, in her official capacity as a member of the State Election Board; Edward Lindsey, in his official capacity as a member of the State Election Board; and Janice W. Johnston, in her official capacity as a member of the State Election Board.

    D.    "Third Party" or "Third Parties" as used here shall mean the Legislative and Congressional Reapportionment Office; the Senate Redistricting and Reapportionment Committee; the House Legislative and Congressional Reapportionment Committee; Representative Bonnie Rich; Senator John

---

[1] In the interest of judicial economy, the parties submit a joint proposed stipulation and order in each of the three above-captioned cases. The issuance of a single stipulation and order does not imply or reflect any intention to consolidate these cases under Federal Rule of Civil Procedure 42 or otherwise.

Kennedy; Gina Wright; and also any party that Plaintiffs or Defendants issue a subpoena or subpoenas to in relation to this action.

## II. FACT DEPOSITIONS

A. Except for those depositions governed by section II.C. of this stipulation, the Parties agree to hold fact depositions for Plaintiffs or Defendants by December 16, 2022.

B. The Parties agree to hold fact depositions for Third Parties by December 16, 2022.

C. The Parties agree to hold fact depositions for persons associated with the Office of the Georgia Secretary of State by January 10, 2023.

D. The Parties agree that depositions may occur after December 16, 2022, if:

   i. they are based on information newly provided in documents produced or in depositions, by the Defendants, Third Parties, or Plaintiffs,

   ii. and a deposition subpoena is issued within four weeks of that information provided.

E. For the avoidance of doubt, the Parties agree that continuations of depositions may occur after these deadlines.

## III. FACT DOCUMENT AND WRITTEN DISCOVERY

A. The Parties agree that Defendants shall begin the production of documents in response to the existing requests by no later than October 6, 2022.

B. The Parties agree that for existing requests, Defendants shall produce documents every two weeks such that the production is complete—including privilege logs, to the extent necessary—by November 3, 2022.

C. The Parties agree that the deadline to issue discovery requests is October 24, 2022.

D. However, the Parties agree that discovery requests may be issued based on information newly provided in documents produced or in depositions, by the Plaintiffs, Defendants, or Third Parties, within four weeks of that information provided.

E. For the avoidance of doubt, the Parties agree that they may still confer regarding *existing* document and written discovery requests after these deadlines, but no new requests may be issued.

IV. **MEET AND CONFER**

    A. The parties agree that they will continue to meet and confer to adjust these deadlines if needed to ensure fact and expert discovery closes by February 17, 2023.

Agreed to by counsel for the Parties:

For the *Alpha Phi Alpha* Plaintiffs:

/s/ *Sophia Lin Lakin*, October 6, 2022

For the *Pendergrass* Plaintiffs:

/s/ *Joyce Gist Lewis,* October 6, 2022

For the *Grant* Plaintiffs:

/s/ *Joyce Gist Lewis,* October 6, 2022

For Defendants:

/s/ *Bryan Tyson,* October 6, 2022


It is **SO ORDERED**, this 7th day of October, 2022.

                                                      s/Steve C. Jones
                                                      United States
                                                      District Judge